Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
332 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile:  (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff
JULIE DUDUM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE DUDUM, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>ECCO RETAIL, LLC, a Delaware Limited Liability Corporation, and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>1. Retaliation<br>2. Wrongful Termination in Violation of Public Policy.<br>3. Failure to Provide Meal and Rest Periods<br>4. Failure to Pay all Wages and Overtime<br>5. Willful Failure to Pay All Wages Upon Separation<br>6. Willful Misclassification<br>7. Willful Failure to Provide Accurate Wage Statements<br>8. Unfair Business Practices |

Plaintiff  JULIE DUDUM (hereafter "Plaintiff" or "DUDUM") complains as follows:

**THE PARTIES**

1.      Plaintiff is an individual over the age of 18 and is a resident of the State of California.

2.      Defendant ECCO RETAIL, LLC. is a Delaware LLC with its principal place of business in New Hampshire.

3.      The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues such

1
**Plaintiff's Complaint for Damages**

defendants by such fictitious names and will amend this complaint to insert their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each such fictitiously named defendant is in some manner, means or degree, connected with the matters alleged and is liable to Plaintiff thereon.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment.

5. This Court has diversity jurisdiction over this case because the Plaintiff and each defendant are domiciled in different states and the amount in controversy exceeds $75,000.

## STATEMENT OF FACTS

6. Plaintiff Julie Dudum ("Plaintiff" or "Dudum") was the manager of Defendant Ecco Retail, LLC ("Entity Defendant" or "Defendant" or "Ecco")'s store location in the Hillsdale Shopping Center in San Mateo, California until Ecco terminated her employment on March 15, 2017. She earned an annual salary of $45,000 per year. Ecco is one of the largest shoe retailers in the world. Ecco has its United States headquarters in New Hampshire and its worldwide headquarters in Denmark.

7. Plaintiff was the named class representative in a class action against one of her previous employers (Carters) alleging violations of California's wage and hour laws. Plaintiff is informed and believes that her managers at Ecco became aware of her participation in the class action against Carters during the course of Plaintiff's employment with Ecco.

8. Plaintiff spent less than 50% of her time performing managerial activities. She would arrive in the store for opening at 9:30 a.m. daily. She worked alone in the store until 1 p.m. on a regular basis. She performed primarily duties of a sales associate (e.g., servicing customers, ringing the cash register, handling credits and exchanges). She would frequently miss her meal and rest breaks because she was working alone in the store.

9. Plaintiff was the manager of the Hillsdale Shopping Center location for approximately two years. She received positive performance evaluations and was highly

regarded by her managers until she made various complaints about Ecco's illegal practices concerning payment of wages and overtime.

10. In November of 2016, Ecco instituted changes to the methodology it used to calculate overtime compensation, which resulted in under-payment for overtime hours for both Plaintiff and her co-workers. Plaintiff repeatedly complained about these practices to her managers and to human resources, verbally and in writing, about the miscalculation of her and her co-workers overtime compensation.

11. Defendant terminated Plaintiff on March 15, 2017 in retaliation against Plaintiff for her objecting to Defendant's underpayment for overtime hours in violation of California law.

## **FIRST CAUSE OF ACTION**

RETALIATION

CALIFORNIA LABOR CODE §1102.5 and LABOR CODE §98.6

[Against All Defendants]

12. Plaintiff re-alleges and herein incorporates by reference, each and every allegation in paragraphs 1-17.

13. At all times during Plaintiff's tenure with Defendant, and/or DOES 1-50, and each of them, California Labor Code § 1102.5, in relevant part, prohibited an employer from retaliating against an employee for complaining about or refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation. At all such times, Labor Code Section 98.6 prohibited an employer from retaliating against any employee for complaining about any violations of the Labor Code.

14. Plaintiff complained about and refused to participate, based on a reasonable belief, in Defendant's, and/or DOES 1-100, and each of their unfair labor practices. Defendant, and/or DOES 1-100, and each of them, violated California law when they terminated Plaintiff in retaliation for her numerous complaints regarding the illegal conduct to which she was subjected during her employment As a direct, proximate, and foreseeable result of Defendant's, and/or DOES 1-50 and each of their, acts and/or failures to act, as alleged herein, Plaintiff has suffered

and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

15. Defendant, and/or DOES 1-50 and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or DOES 1-50 and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## SECOND CAUSE OF ACTION

WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

AGAINST ALL DEFENDANTS

16. Plaintiff realleges and incorporates by reference against each defendant, each and every allegation in paragraphs 1-17.

17. At all times relevant to this complaint, Plaintiff was protected from retaliation against his for his exercise of her legal rights, including her right to receive prompt payment of wages in accordance with the law, and her refusal to participate in efforts by Defendants to defraud their bank.

18. As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged herein, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort. Plaintiff has suffered and continues to suffer substantial losses in earnings and

employment benefits, injury to her career and reputation and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be determined according to proof at trial.

19. Defendants committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to injure and damage Plaintiff, he is entitled to punitive damages from Defendants in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE MEAL AND REST PERIODS AND/OR WAGES IN LIEU THEREOF**

**CAL. LABOR CODE § 226.7**

(Against ENTITY DEFENDANTS and Does 1-25)

20. PLAINTIFFs incorporate by reference the allegations set forth above as though fully restated herein.

21. ENTITY DEFENDANTS were required to provide meal and rest periods in accordance with Cal. Labor. Code § 226.7 and other applicable wage orders.

22. ENTITY DEFENDANTS regularly failed to provide PLAINTIFF with a 30-minute meal break before the end of her fifth hour of work.

23. ENTITY DEFENDANTS regularly failed to provide PLAINTIFF with a ten-minute rest break for every four hours worked.

24. As a direct and proximate result of DEFENDANT'S failure to provide PLAINTIFF with either meal and rest periods or wages in lieu thereof, PLAINTIFF has been damaged in an amount to be proven at trial, but which exceed the minimum jurisdictional thresholds of this Court. PLAINTIFF further seeks an award of prejudgment interest on the unpaid wages herein.

25. ENTITY DEFENDANTS, and each of them, failed to do so, and as a consequence,

PLAINTIFF is entitled to recover an amount to be proven at trial, but not less than one additional hour of pay at the regular rate of compensation for each workday that the meal and/or rest period was not provided, as articulated in Cal. Labor Code § 226.7(b).

26. PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and PLAINTIFF therefore seeks attorneys' fees and costs under all applicable provisions of law.

WHEREFORE, PLAINTIFF prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES AND OVERTIME

### (CAL. LABOR CODE §§ 204, 510)

(Against ENTITY DEFENDANTS and Does 1-25)

27. PLAINTIFFs incorporate by reference the allegations set forth above as though fully restated herein.

28. Under California law, ENTITY DEFENDANTS are required to pay wages for each hour worked, and overtime wages when non-exempt employees work over eight (8) hours a day or forty (40) hours in a week by calculating the hourly rate and then computing the overtime premium amount owed. PLAINTIFF worked for ENTITY DEFENDANTS without being paid for all hours worked, regular and overtime.

29. As a result of ENTITY DEFENDANTS violation of statutory mandates to pay employees for statutory wage requirements, as more fully set forth above, PLAINTIFF was damaged in an amount to be determined at trial, but which exceeds the minimum jurisdictional thresholds of this Court.

30. PLAINTIFF seeks as damage all wages owed by DEFENDANTS. PLAINTIFF further seeks an award of prejudgment interest on the unpaid wages herein.

31. PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and PLAINTIFF therefore seeks attorneys' fees and costs under all applicable provisions of law.

WHEREFORE, PLAINTIFF prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

### WILLFUL FAILURE TO PAY ALL WAGES UPON SEPARATION

### (CAL. LABOR CODE §§ 204, 510)

(Against ENTITY and Does 1-25)

32. PLAINTIFFs incorporate by reference the allegations set forth above as though fully restated herein.

33. California Labor Code §§ 201 and 202 require that employers pay all employees all wages immediately upon employer termination or within 72 hours after employee resignation. California Labor Code § 203 provides that in instances that an employer willfully fails to pay all wages owing within the proscribed time limits, the employer must continue to pay the subject employee wages until the wages are paid in full.  An employee need not prove malice or intentional conduct in establishing a claim for waiting time penalties, but rather must merely establish that the employer did not pay as it was obligated to do.

34. PLAINTIFF was not paid all wages owing her upon her termination, and as a consequence, she is entitled to penalty wages, together with interest, attorneys' fees and costs.

WHEREFORE, PLAINTIFF prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION

### WILLFUL MISCLASSIFICATION

### (CAL. LABOR CODE §§ 204, 510)

(Against ENTITY DEFENDNATS and Does 1-25)

35. PLAINTIFFs incorporate by reference the allegations set forth above as though fully restated herein.

36. ENTITY DEFENDANTS have adopted a policy of avoiding employee status for individuals such as and including PLAINTIFF by voluntarily and knowingly misclassifying these individuals as independent contractors, in violation of California Labor Code Section 226.8.

37. PLAINTIFF is informed and believes and thereupon alleges that DEFENDANTS have a pattern or practice of violation of Section 226.8, thereby entitled PLAINTIFF to seek penalties of $10,000-$20,000.

WHEREFORE, PLAINTIFF prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION

### WILLFUL FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS AND MAINTAIN ACCURATE PAY RECORDS

### (CAL. LABOR CODE § 226(a), (e),(g))

(Against ENTITY DEFENDANTS and Does 1-25)

38. PLAINTIFFs incorporate by reference the allegations set forth above as though fully restated herein.

39. California Labor Code § 226(a) sets forth numerous "accurate" items which a company must furnish to its employees with their paychecks ("paystubs"), and which it must maintain for a period of not less than three years.  included in those items are numerous items that DEFENDANT did not accurately provide and retain. These items include, but are not limited to: (1) a statement of accurate gross wages earned by the employee; (2) a statement of total hours worked the employee; (3) a statement of net wages earned; and (4) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

40. PLAINTIFF is informed and believes and thereupon alleges that DEFENDANTS, and each of their failure to provide accurate information in both paystubs and in its records was a result of DEFENDANT'S, and each of their, own knowing and intentional conduct.

41. As a direct and proximate result of DEFENDANT'S, and each of their failure to provide accurate information to PLAINTIFF and the putative class about working hours and wages owing, PLAINTIFF was injured in an amount to be proven at trial, but not less than $50 for the initial pay period in which these violations occurred and an additional $100 per pay period thereafter. (See Labor Code § 226(e).

42. PLAINTIFF has incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and PLAINTIFF therefore seeks attorneys' fees and costs under all applicable provisions of law.

WHEREFORE, PLAINTIFF prays for judgment as set forth below.

# EIGHTH CAUSE OF ACTION

## UNFAIR BUSINESS ACTS AND PRACTICES

### (CAL. BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.)

(Against ENTITY DEFENDANTS and Does 1-25)

43. PLAINTIFF re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

44. PLAINTIFF further brings this action pursuant to the Business and Professions Code, sections 17200, et seq., seeking restitution and/or disgorgement of monies owed for regular, minimum, and overtime wages, and denial of meal and rest periods.

45. PLAINTIFF alleges that the following practices of DEFENDANTS are unlawful and unfair business practices pursuant to Business and Professions Code §§ 17200, et seq.: 1) failure to pay employees all legally required regular, minimum, and overtime wages; 2) failure to provide employees with meal and rest periods and failure to pay wages in lieu thereof; 3) failing to pay all employees all wages owed upon separation; 4) failing to maintain accurate pay records and to provide employees with adequate paystubs, and 5) unjustly enriching themselves due to the same.

46. The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." PLAINTIFF has standing to bring this claim because he has suffered injuries in fact and has lost money as a result of DEFENDANT'S unfair competition.

47. PLAINTIFF is seeking restitution for DEFENDANT'S failure to pay employees regular, minimum and overtime wages, and failure to provide meal and rest periods.

48. DEFENDANTS have inequitably and unlawfully conspired, agreed, arranged, and combined to violate California labor laws, as alleged herein.

49. Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of DEFENDANTS to pay all wages, including overtime wages, is admissible as evidence of DEFENDANT'S intent to violate the California Unfair Practices and Unfair Competition Laws.

50. As a direct and proximate result of the unfair, unlawful, and/or fraudulent business

practices alleged herein, through the four-year statute of limitations periods, PLAINTIFF has been denied due wages, as well as meal and rest periods, all to their detriment and all to DEFENDANT'S illegal economic advantage.

51. PLAINTIFF is informed and believes and thereon alleges that, through the acts described in this complaint, the DEFENDANTS have deceived the public by illegally depriving its employees regular, minimum, and overtime wages, and meal and rest periods, thus injuring its employees.

52. The Business and Professions Code provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. PLAINTIFF seeks restitution and disgorgement of all unpaid wages owing to him, in an amount according to proof, that the DEFENDANTS have enjoyed as a result of the unfair business practices alleged herein.

WHEREFORE, PLAINTIFF prays for judgment as set forth below

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff makes the following demand:

(a) That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

(b) For general, special, actual, compensatory and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial;

(c) For back pay and other benefits Plaintiff would have been afforded but-for Defendants', and each of their, unlawful conduct;

(d) For declaratory relief, as against Defendants, and each of them, in an amount to be determined at trial;

(e) For statutory penalties as allowed by law;

(f) For costs and expenses of this litigation;

(g) For reasonable attorneys' fees where appropriate;

(h) For pre and post-judgment interest on all damages and other relief awarded herein

from all entities against whom such relief may be properly awarded; and,

(i) For all such other relief as this Court deems just and appropriate.

Dated: August 31, 2017         Law Offices of Daniel Feder

_____
DANIEL FEDER
Attorneys for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: August 31, 2017         Law Offices of Daniel Feder

_____
DANIEL FEDER
Attorneys for Plaintiff

11
**Plaintiff's Complaint for Damages**